Matthias, J.
 

 Section 7749-1, General Code, provides as follows: “The board of education of any district, except as provided in Section 7749, may provide transportation to a high school within or without the school district; but in no case shall such board of education be required to provide high school transportation except as follows: If the transportation of a child to a high school by a district of a county school district is deemed and declared by the county board of education advisable and practicable, the board of education of the district in which the child resides shall furnish such transportation.”
 

 
 *63
 
 The county board of education is thus authorized to determine whether in a given situation transportation to a high school is advisable and practicable. If this finding is in the affirmative, then under this statute it becomes mandatory upon the board of education of the district in which the child resides to furnish such transportation.
 

 In view of the provisions of Section 26 of Article II of the State Constitution, we need not inquire further as to the constitutional validity of the statute in question, for such enactment is there expressly sanctioned. It reads: “All laws, of a general nature, shall have a uniform operation throughout the State; nor, shall any act, except such as relates to public schools, be passed, to take effect upon the approval of any other authority than the General Assembly, except, as otherwise provided in this constitution.” Thus even if under its terms the effective operation of the statute in question be deemed subject to and dependent upon the approval of the designated authority, it, being a law which
 
 1
 
 ‘ relates to public schools,” is expressly authorized by this provision of the Constitution, and cannot therefore be held impliedly in conflict with some other provision thereof.
 

 The close similarity of the facts presented by the third defense brings it within the rule clearly announced in
 
 State, ex rel. Masters,
 
 v.
 
 Beamer,
 
 109 Ohio St., 133, 141 N. E., 851. That case is controlling and decisive of the question here presented.
 

 On both grounds, therefore, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Day, Alien, Kinkade and Robinson, JJ., concur.