**STATE, ex rel. BOARD OF EDUCATION OF COLUMBUS, Relator-Appellee, v. DUNN, County Auditor, Respondent, and STATE BOARD OF EDUCATION, Intervening Respondent-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 6076.   Decided August 25, 1959.

Russell Leach, City Atty., Alba L. Whiteside, Asst. City Atty., Columbus, for relator-appellee.

Earl W. Allison, Pros Atty., Columbus, for respondent.

Mark McElroy, Atty. Genl., John A. Hoskins, Asst. Atty. Genl., Columbus, for State Board of Education.

(WISEMAN, J, of the Second District, sitting by designation in the Tenth District.)

## OPINION

By BRYANT. PJ.

The Columbus Board of Education, relator-appellee herein, filed a petition for writ of mandamus in the Common Pleas Court of Franklin County, Ohio, naming as respondent, Fred C. Dunn, Auditor of Franklin County, Ohio.

It was alleged in the petition that a tract of 630 acres, formerly located in Truro and Jefferson Townships in Franklin County, had been annexed to the city of Columbus and it was further alleged that as a result of this annexation, the tract automatically became a part of the Columbus School District. The petition further alleged that notwithstanding this fact, the county auditor refused to treat the said tract as a

part of the Columbus School District, refused to impose on real prop erty located in said tract the tax levies for school purposes of the Columbus School District and further refused to certify the amounts of said school taxes to the treasurer of Franklin County for collection.

The petition also contained allegations of irreparable injury to relator and further claimed that relator was without any other adequate remedy at law. The allegations and prayer of the petition read as follows:

"Now comes the relator, the Board of Education of the Columbus Ohio City School District, and says that it is a body corporate and politic organized and existing pursuant to the laws of the State of Ohio, with the power to sue and be sued; that the defendant Fred C. Dunn is the duly elected and qualified Auditor of Franklin County, Ohio.

"Relator further says that on June 23, 1956, a majority of the adult resident freeholders in a portion of Jefferson and Truro Townships, Franklin County, Ohio, hereinafter described, filed a petition with the Board of County Commissioners of Franklin County, Ohio, for annexation of said territory to the City of Columbus, a municipal corporation; that on October 5, 1956 the aforesaid Board of County Commissioners, after a hearing and due consideration of the petition and the merits thereof, approved the request for annexation; and that on June 3, 1957, the Council of the City of Columbus, by Ordinance No. 781-57, accepted the annexation of said territory and that said territory thereby became and constitutes a part of the City of Columbus, Ohio.

"Relator further says that by reason of the annexation of the aforesaid territory of the City of Columbus, the said territory became a part of the Columbus, Ohio City School District. Said territory being described as set forth in said Ordinance No. 781-57, a copy of which is attached hereto and marked Exhibit 'A' and made a part hereof as fully as if written herein.

"Relator further says that despite the fact that the aforesaid territory constitutes a part of the Columbus, Ohio City School District, the respondent has failed and refused and continues to fail and refuse to list the real property within said territory for taxation within the Columbus, Ohio City School District, and to certify to the County Treasurer for collection the levies of the Board of Education of the Columbus, Ohio City School District upon the real property situated in said territory.

"Relator further says that it will suffer irreparable injury if the respondent continues to fail to perform his duty through loss of tax revenue from the aforesaid territory and that it has no adequate remedy at law.

"WHEREFORE, the relator prays that an alternative writ of mandamus be issued ordering and directing the respondent to list the real property within the aforesaid territory for taxation within the Columbus, Ohio City School District and to certify to the County Treasurer for collection the levies of the Board of Education of said school district upon the real property situated in said territory or to show cause why said writ should not be issued, and upon the failure by the respondent to show cause, that a final writ of mandamus be issued so ordering and

directing the respondent, and for such other relief as relator may be entitled to, and for its costs herein expended."

The county auditor demurred to the petition upon the ground "that the petition does not set forth facts sufficient to constitute a cause of action." In the memorandum in support of the demurrer, it was argued that the petition fails to allege that the tract of land annexed was "the whole of the local school district in which said territory was formerly, and is located." It was further argued that the petition fails to allege that the State Board of Education has approved the transfer of the territory from the Jefferson Township and Reynoldsburg Local School Districts to the Columbus City School District. This argument was based on the provisions of §3311.06 R. C., which provides in substance that where an entire local school district is annexed to a city, said tract automatically becomes a part of the city school district, but if the tract is a part only of a local school district, annexation to the city does not transfer said tract to the city school district until the approval of the State Board of Education is obtained. **Sec. 3311.06 supra, R. C.,** provides in part as follows:

"When territory is annexed to a city or village, such territory thereby becomes a part of the city school district or the school district of which the village is a part, and the legal title to school property in such territory for school purposes shall be vested in the board of education of the city school district or the school district of which the village is a part; provided, that when the territory so annexed to a city or village comprises part but not all of the territory of a school district, the said territory shall become a part of the said city school district or the school district of which the village is a part only upon approval by the state board of education. In event territory is transferred from one school district to another under this section, an equitable division of the funds and indebtedness between the districts involved shall be made under the supervision of the state board of education and that board's decision shall be final. After the effective date of this section, no action with regard to the transfer of school district territory pursuant to annexation to a municipality shall be completed in any other manner than that prescribed by this section."

In opposition to the demurrer, counsel for the Columbus School Board attacked the constitutional validity of said §3311.06 supra, R. C., claiming in substance that the power given to the State Board was a delegation of legislative power with no standard set up to guide the State Board in administering it.

Two exhibits are attached to the brief of the Columbus School Board. The first one, Exhibit A, consists of photostatic copies of a two-page "Policy Guide" adopted by the State Board and a copy of a letter of transmittal of said policy guide over the typed signature of E. E. Holt, Superintendent of Public Instruction. The policy guide has to do with the transfer of territory for school purposes pursuant to municipal annexation. The other exhibit, Exhibit E, consists of one-page of computations relative to the so-called mandated tax levies for Franklin County, the Reynoldsburg School District and the city of Columbus. Exhibit B

was used to substantiate the claim of the relator that a severe reduction in tax revenues would follow if the provisions of §5705.31 R. C., were adhered to.

After the filing of said briefs, a motion was filed on behalf of the State Board of Education to be permitted to intervene in the case as a party respondent, the motion asserting that the State Board has "a vital interest" in the litigation "adverse to the relator." It was further claimed that the State Board has "a justiciable interest" which apparently was its desire for "uniform application" throughout the state of law relating to the State Board.

In the memorandum supporting the motion, the State Board urged that it "can contribute its analysis of the facts and law to aid the court at arriving at a decision." On behalf of the Columbus Board, the motion to intervene was opposed. The Columbus Board argued that the State Board had no interest in the controversy and was not entitled to be made a party to the case. Counsel for the Columbus Board conceded that the State Board should be permitted to file a brief as friend of the court but had no right to be made a party. This objection, however, was overruled by the trial court and the State Board was "permitted to intervene as a party respondent."

Thereafter counsel for the State Board filed a demurrer to the petition "for the reason, apparent on its face, that said petition does not state facts sufficient to show a cause of action."

After the various briefs were filed, the matter was submitted and the trial court handed down a seventeen-page decision upholding the contention of the Columbus Board that §3311.06 supra, R. C., is unconstitutional as applied to the facts in this case. From this decision, it is revealed that the 630 acre tract not only was in Truro and Jefferson Townships prior to the annexation but that it also had been a part of the Reynoldsburg School District of Truro Township of which it was not the whole but only a part, facts not found anywhere in the petition.

It would seem that if the real property in the tract in question formerly had been subject to school taxes in the Reynoldsburg School District and by the mandamus action now before the court was to be made subject to school taxes in the Columbus School District, due process would require that the Reynoldsburg School District be made a party to the litigation. It is true that the three parties to this lawsuit did not raise this issue, but it is also true that Reynoldsburg School District nowhere appears to be a party of record, nor was its appearance entered, nor were any waivers of its rights put into the record.

In the journal entry which followed the decision by the trial court, it was held that §3311.06 supra, R. C., "as applied to the facts of this case" was unconstitutional and contrary to the provisions of Section 2, Article XII, Ohio Constitution. It was further held that the two demurrers should be and were overruled and it was stated that neither the county auditor nor the State Board desired to file an answer to the petition or any further pleadings. It was therefore ordered by the trial court that final judgment be entered in favor of the Columbus Board and that a writ of mandamus be issued against the county auditor in accordance with the prayer of the petition. The journal entry specifically

ordered the county auditor to list the real property in the 630 acre tract for taxation in the Columbus School District and to certify to the county treasurer for collection the school levies of the Columbus Board on said property.

Within the period allowed by law, notice of appeal was filed on behalf of the State Board which also filed its brief and assignment of errors containing twelve alleged errors committed by the trial court. An answer brief was filed on behalf of the Columbus Board and a reply brief on behalf of the State Board. The journal entry setting forth the judgment and final order of the court below was filed December 2, 1958. No notice of appeal was filed on behalf of the county auditor. As to him, the order of the trial court long since has become final. That order directed the county auditor to list the real property in question in the Columbus School District as subject to the school tax thereof and to certify to the county treasurer the school levies to be imposed.

The county auditor in electing not to appeal was under a clear duty to comply with a writ of mandamus issued by the trial court and we are entitled to assume that he has made a full and complete compliance with that order. The effect of all of this is to make the questions pending on appeal moot and to remove from this court the power to decide them. If the county auditor has listed the real property in the 630 acre tract as subject to the school tax levies of the Columbus Board and if the county auditor has certified the amounts of school taxes due, to the county treasurer for collection, what is left for the trial court or any other court to order him to do? Every act prayed for in the petition has been ordered to be performed and we assume has been done a long time ago.

It is true that the trial court or this court upon proper application might have stayed or suspended the order issued by the trial court awaiting the outcome of the appeal. However, we are unable to find where any such suspension or stay order was issued nor where any application therefor was made.

It is of course well settled that it is not the duty of courts to answer questions which have become moot. One of the early cases so holding was **Miner v. Witt, City Clerk, 82 Oh St 327**, decided by the Supreme Court of Ohio in 1910. The syllabus in this case reads as follows:

"It is not the duty of the court to answer moot questions, and when pending proceedings in error in this court, an event occurs without the ault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error."

In **3 O. Jur. (2d) 539, Appellate Review, §603, Moot Cause**, it is said:

"It is well settled that where, by a change of circumstances or otherwise pending an appeal on questions of law, the questions which would be presented to the reviewing court have become purely academic or abstract, and any judgment which the court might render thereon would in no way avail. or be beneficial, to, any party, the procceding will ordinarily be dismissed, because it is not the duty nor responsibility of the court to answer moot questions."

To the same effect, see **Smith, Aud., v. Board of Tax Appeals, 159 Oh St 183; Commercial Motor Freight, Inc. v. Public Utilities Commission of**

Ohio, 161 Oh St 58; Dudek, dba Joe Dudek Coal Mining Co., v. United Mine Workers of America et al., 164 Oh St 227, and The State, ex rel. Spencer v. Montgomery County Board of Elections et al, 166 Oh St 147.

For the reasons above set forth, the issues in the case have become moot. It being impossible for this court to grant the relief sought, the several assignments of error and each of them will be overruled, the appeal will be dismissed and the judgment of the court below affirmed.

DUFFY and WISEMAN, JJ, concur.