Taft, J.
The portion of Section 3311.06, Revised Code, held void by the Court of Appeals was enacted in 1955 (126 Ohio Laws, 302) to appear after the following re-enacted portion of the statute:
“When territory is annexed to a city or village, such territory thereby becomes a part of the city school district or the school district of which the village is a part, and the legal title to school property in such territory for school purposes shall be vested in the board of education of the city school district or the school district of which the village is a part * *
It is reasonably arguable that the portion of this statute held void by the Court of Appeals does not involve a delegation of legislative power even though it contains “no guides or standards to the state board.” State, ex rel. Allen, v. Ferguson, Aud. (1951), 155 Ohio St., 26, 41 to 44, inclusive, 97 N. E. (2d), 660; School District v. Callahan, Supt. (1959), 237 Wis., 560, 297 N. W., 407, 135 A. L. R., 1081; Kneale v. Jennings et al., Bd. of Edn. (1924), 111 Ohio St., 637, 146 N. E., 87. See Gigandet v. Brewer, Treas. (1938), 134 Ohio St., 86, 15 N. E. (2d), 964; Ross v. Adams Mills Rural School District (1925), *133 113 Ohio St., 466, 149 N. E., 634; State, ex rel. Maxwell, Pros. Atty., v. Schneider (1921), 103 Ohio St., 492, 134 N. E., 443.
However, in view of Section 26 of Article II of the Constitution of Ohio and our decision in Minshall et al., Board of Education of Union Township Rural School District, v. State, ex rel. Merritt (1931), 124 Ohio St., 61, 176 N. E., 888, we do not believe it necessary to determine whether any delegation of legislative power is involved.
That constitutional provision reads:
“All laws, of a general nature, shall have a uniform operation throughout the state; nor, shall any act, except such as relates to public schools, be passed, to take effect upon the approval of any other authority than the General Assembly, except, as otherwise provided in this Constitution.”
Under Section 3311.06 before its 1955 amendment, when territory was annexed to a city, that territory automatically became a part of the city school district. After that amendment, some of the provisions making such territory a part of a city school district are not to “take effect” except “upon the approval of” some “other authority than the General Assembly,” i. e., the state board.
Such an act is expressly prohibited by Section 26 of Article II “except such [an act] as relates to public schools.” Obviously, Section 3311.06, Revised Code, does relate to public schools. Thus Section 26 of Article II expressly recognizes the authority of the General Assembly to do what it did in Section 3311.06, Revised Code.
As stated in paragraph two of the syllabus in Minshall v. State, ex rel. Merritt, supra (124 Ohio St., 61), “Section 26, of Article II, of the Constitution of the state, expressly sanctions the passage of statutes relating to public schools to take effect upon approval of authority other than the General Assembly.”
It follows that the form of Section 3311.06, Revised Code, enacted in 1955, as quoted above, is valid although some of the provisions therein for transfer of territory are not to take effect without the approval of the state board and although the General Assembly gave the state board no guides or standards for such approval.
In arguing for affirmance of the judgment of the Court of *134 Appeals, the Columbus board contends further that the issues raised by the amended petition are not only moot but that the decision in State, ex rel. Board of Education of Columbus City School District, v. Dunn, Aud. (1959), 110 Ohio App., 329, 163 N. E. (2d), 694, bars the Jefferson board from raising them.
The 480 acres involved in the instant case represented only a part of the 630 acres annexed to the city of Columbus on June 3, 1957. The other part was not located in the Jefferson district.
In the Dunn case, the Columbus district sought to compel the county auditor to list the whole 630 acres as part of the Columbus district for the year 1958. The state board was permitted to intervene as a party and it filed a demurrer to the petition and contended that Section 3311.06, Revised Code, required its approval of transfer of the territory to the Columbus district before such transfer could become effective. In overruling that demurrer, the Common Pleas Court held that the provisions of Section 3311.06, Revised Code, requiring approval of the transfer by the state board could not constitutionally be applied. No one desiring to plead further, a writ of mandamus was issued ordering the auditor to list the property in the Columbus district for taxation. Apparently, the auditor complied with that order.
Subsequently, the Court of Appeals dismissed the appeal of the state board on the ground that the Columbus board had secured all the relief sought and hence the issues in its case had become moot.
The action of the county auditor, which gave the Columbus district all the relief that it sought in the Dunn case, took away from the Jefferson district what it is now trying to get in the instant case. Hence, the instant case is not moot so far as the Jefferson district is concerned. What the county auditor did in response to the mandamus order in the Dunn case actually created the controversy which gave rise to this action by the Jefferson district.
There are no allegations in the amended petition demurred to even suggesting that the Jefferson district was a party to the Dunn case or that it claims from ox through a party to that case or that it was offered an opportunity to or did participate *135 directly or indirectly therein or that it claims from or through anyone who was offered such opportunity or did so participate.
In such an instance, the judgment in that case could not adversely affect the claimed rights of the Jefferson district. Kluth v. Andrus, Dir. (1952), 157 Ohio St., 279, 105 N. E. (2d), 579.
Since no other reasons have been advanced in support of the judgment of the Court of Appeals, that judgment must be reversed and the cause remanded to the Common Pleas Court for further proceedings.

Judgment reversed.

Weygandt, C. J., Zimmerman, Matthias, Bell, Radoliee and O’Neill, JJ., concur.
Radoliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Heebeet, J.