In re Proposed Annexation by the Columbus City School District et al.: Board of Education of the Grandview Heights City School District et al., Appellants, *v.* State Board of Education et al., Appellees.

[Cite as Bd. of Edn. v. State Bd. of Edn. (1976), 45 Ohio St. 2d 117.]

(No. 75-230—Decided February 11, 1976.)

118

*Messrs. Knepper, White, Richards & Miller, Mr. William L. Clark* and *Mr. John W. Leibold,* for appellants.

*Messrs. Porter, Stanley, Platt & Arthur, Mr. Samuel H. Porter* and *Mr. Curtis A. Loveland,* special counsel to the Attorney General, for appellee State Board of Education.

*Mr. James J. Hughes, Jr.,* city attorney, *Mr. William H. Brooks* and *Miss Donna Bowman,* for appellee Board of Education of the Columbus City School District.

*Per Curiam.* R. C. 3311.06 states, in part:

"When all of the territory of a school district is annexed to a city or village, such territory thereby becomes a part of the city school district or the school district of which the village is a part, and the legal title to school property in such territory for school purposes shall be vested in the board of education of the city school district or the school district of which the village is a part. When the territory so annexed to a city or village comprises part but not all of the. territory of a school district, the said territory becomes part of the said city school district or the school district of which the village is a part only upon approval by the State Board of Education. * * *"

Appellants' essential argument in this appeal is that R. C. 3311.06 is unconstitutional in that it gives the State Board of Education no standards or guides to follow in determining whether territory should be transferred to the school district following a partial annexation for municipal purposes. To reach that result, appellants must first overcome two unanimous decisions of this court interpreting Section 26 of Article II of the Ohio Constitution in *Bd. of Edn. of Jefferson Local School District* v. *Bd. of Edn. of Columbus City School District* (1962), 173 Ohio St. 130, 180 N. E. 2d 576, and *Minshall* v. *State, ex rel. Merritt* (1931), 124 Ohio St. 61, 176 N. E. 888.

Section 26 of Article II states:

"All laws, of a general nature,. shall have a uniform operation throughout the state; nor, shall an act, except such as relates to public schools, be passed, to take effect upon the approval of any other authority than. the General

Assembly, except, as otherwise provided in this Constitution.''

In *Jefferson Local, supra,* at page 133, this court said:
''Under Section 3311.06 before its 1955 amendment, when territory was annexed to a city, that territory automatically became a part of the city school district. After that amendment, some of the provisions making such territory a part of a city school district are not to 'take effect' except 'upon the approval of' some 'other authority than the General Assembly,' *i. e.,* the state board.

''Such an act is expressly prohibited by Section 26 of Article II 'except such [an act] as relates to public schools.' Obviously, Section 3311.06, Revised Code, does relate to public schools. Thus Section 26 of Article II expressly recognizes the authority of the General Assembly to do what it did in Section 3311.06, Revised Code.''

Appellants contend that this court placed a different interpretation on the ''take effect'' language of Section 26 in *Belden* v. *Union Central Life Ins. Co.* (1944), 143 Ohio St. 329, 55 N. E. 2d 629. In *Belden,* life insurance policyholders challenged the constitutionality of an act (119 Ohio Laws 70) under which a stock life insurance company could convert to a mutual life insurance company. The enabling legislation provided that such mutualization could only be effected upon the approval of a majority of the directors, shareholders and policyholders of the stock company, and then only upon the approval of the state Superintendent of Insurance. One of the constitutional arguments advanced by the policyholders opposing the mutualization was that the statute ''takes effect'' as law upon the approval of the Superintendent of Insurance rather than the General Assembly and was, therefore, violative of Section 26, Article II. This court rejected that argument, stating at page 348:

''We think that the act definitely defines the legislative policy; that it does establish standards for the guidance of the superintendent in approving or rejecting the plan; and that it does not delegate legislative power, within the meaning of the Constitution.

''The contention that the act takes effect upon the ap-

proval of the superintendent is without merit. The mutualization takes effect upon his approval, *but the act took effect in the manner and at the time for the taking effect of legislative acts as provided by the Constitution."* (Emphasis added.)

The difference appellants find in the interpretation of Section 26 of Article II in *Belden* and the interpretation of that section in *Jefferson Local, supra,* and *Minshall, supra,* is more apparent than real. In *Belden,* the superintendent had standards to guide him in the approval or disapproval of a particular mutualization. As such, his action was not a legislative act; he merely gave the original legislative act operational effect. The actions taken by the State Board of Education in the appeal herein are much different.

R. C. 3311.06 gives the board no guides or standards to use in approving or disapproving the transfer of territory from one school district to another following a partial annexation for municipal purposes. Therefore, the act of the board in approving a transfer of territory pursuant to R. C. 3311.06 is itself a legislative act, which "takes effect" upon the approval of some other authority than the General Assembly.

Section 26 of Article II expressly sanctions both the *delegation* of legislative authority by the General Assembly in R. C. 3311.06 and the *exercise* of that authority by the State Board of Education. *Jefferson Local, supra* (173 Ohio St. 130); *Minshall, supra* (124 Ohio St. 61).

For the foregoing reasons, the judgments of the Court of Appeals are affirmed.

*Judgments affirmed.*

O'Neill, C. J., Dowd, Corrigan, Stern, McBride, W. Brown and P. Brown, JJ., concur.

Dowd, J., of the Eleventh Appellate District, sitting for Herbert, J.

McBride, J., of the Second Appellate District, sitting for Celebrezze, J.