BOARD OF EDUCATION OF MARION CITY SCHOOL DIST.,
APPELLANT, *v.* BOARD OF EDUCATION OF ELGIN
LOCAL SCHOOL DIST. ET AL., APPELLEES.

(No. 80-1134—Decided May 13, 1981.)

*Messrs. Knepper, White, Arter & Hadden* and *Mr. William L. Clark,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Gary Elson Brown,* for appellee State Board of Education.

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee, Mr. Rankin M. Gibson* and *Mr. Howard B. Abramoff,* for appellees local school boards.

CLIFFORD F. BROWN, J.   The sole issue for determination here is whether the act of the state board disapproving the transfer of land from one school district to another is a legislative act not subject to review by the courts. For the reasons stated below, we agree with the Court of Appeals in holding the action legislative and not appealable.

Section 4(B), Article IV of the Ohio Constitution gives the courts of common pleas "original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." Prior cases have established that quasi-legislative acts of administrative agencies are not susceptible to judicial review. *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13, paragraph three of the syllabus.

In *Rankin-Thoman* v. *Caldwell* (1975), 42 Ohio St. 2d 436, paragraph two of the syllabus, this court held R. C. 119.11 un-constitutional, since it contemplated judicial review only of quasi-legislative proceedings, thereby violating Section 4(B), Article IV of the Ohio Constitution. In light of this holding, and

the subsequent repeal of R. C. 119.11 effective September 30, 1976, the primary provision for appeal from state administrative agency adjudications is R. C. 119.12,[2] which allows appeals by "[a]ny party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license, registration of a licensee, or revoking or suspending a license***[or] any order of an agency issued pursuant to any other adjudication." It is under this statutory provision that appellant brought its appeal to the common pleas court.

In *Board of Edn.* v. *State Bd. of Edn.* (1976), 45 Ohio St. 2d 117, this court, in a *per curiam* opinion, held at page 120, that "the act of the board in approving a transfer of territory pursuant to R. C. 3311.06 is itself a legislative act***." It necessarily follows that the decision of the state board disapproving a transfer is similarly legislative. As a legislative act, it is not appealable pursuant to R. C. 119.12.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, POTTER, PALMER and LOCHER, JJ., concur.

HOLMES, J., dissents.

POTTER, J., of the Sixth Appellate District, sitting for P. BROWN, J.

PALMER, J., of the First Appellate District, sitting for SWEENEY, J.

HOLMES, J., dissenting. The majority, by one wide sweep of the decisional pen, has revolutionized the rather longstanding law of the appealability of adjudicatory orders emanating from administrative procedure hearings that have been conducted pursuant to R. C. Chapter 119. This hearing was conducted by a referee having much experience in state school board administrative hearings, designated by the Ohio State Board of Education pursuant to R. C. 119.09. Such hear-

---

[2] R. C. 2506.01 provides for the appeal to the common pleas court from quasi-judicial determinations of administrative agencies of any political subdivision of the state. *M. J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150.

ings were conducted on four separate dates with the designated parties afforded the statutory right of counsel and full right of examination and cross-examination, presentation of evidence, exhibits, *etc.*, the hearing officer making rulings on objections and motions including the question of who were parties for purposes of the hearings.

It is my view that everyone involved, counsel for the school districts, counsel for the state school board, and certainly the referee, thought that they were involved in a proceeding adjudicatory in nature. Indicative of this, the referee set forth the following procedural considerations in his report:

"Considering any of the issues presented in this case this referee considers himself initially bound by the actions of the Board in affirming, modifying, or disapproving any of the recommendations made by this referee in previous cases as applied to the facts and the circumstances of this case. However, this referee and the Board, in the judgment of this referee, are also bound by the expressions of the courts in such cases in either affirming or reversing the action of the Board in previous cases, insofar as the facts and the circumstances of such cases are applicable to a case being heard by this referee."

Section 4 of Article VI of the Ohio Constitution mandates the creation of a State Board of Education and requires the General Assembly to prescribe its powers and duties. One of the powers and duties of the state board pursuant to the constitutional mandate is found in R. C. 3311.06, which relates to the transfer of school territory following municipal annexations. In exercising this power granted by the General Assembly, the board must follow the procedures set forth in the Administrative Procedure Act, R. C. Chapter 119. The statutory procedures of R. C. Chapter 119, specifically R. C. 119.06, were followed in detail within the hearings of these matters, and the state board's order overruling the affirmative recommendations of its referee and denying Marion's request for the transfer was the result of the adjudicatory hearings.

Judicial jurisdiction with respect to the review of proceedings of administrative officers and agencies is provided for in Section 4(B), Article IV, Ohio Constitution. This court has held on numerous occasions that this constitutional provi-

sion contemplates "quasi-judicial" proceedings only. *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13; *M. J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150; and *Rankin-Thoman* v. *Caldwell* (1975), 42 Ohio St. 2d 436. In *M. J. Kelley,* this court defined a quasi-judicial proceeding as one involving the exercise of discretion and having a requirement for notice, hearing, and an opportunity for the introduction of evidence. All of these elements were present within the instant proceedings, and the fact that the culmination of the exercise of such discretion took the form of a "Resolution" of the board, rather than an "Order," does not change the nature of the proceeding from a quasi-judicial one to a legislative one.

The Court of Appeals and this court, in the main, relied upon the language of this court in *Bd. of Edn.* v. *State Bd. of Edn.* (1976), 45 Ohio St. 2d 117, a case in which the issue of the appealability of board orders was not raised or discussed.

It is my position, obviously not shared by other members of this court, that the use of the words "legislative act" in that decision did not mean that the state board's action of approval or disapproval, under R. C. 3311.06, of the requested transfer was a part of the legislative process. In my view, the court was pointing out that the legislative authority delegated to the State Board of Education was a broad delegation of power, but that even without specific guidelines or standards, such statute was sanctioned by Section 26, Article II of the Ohio Constitution.

In exercising its approval authority under R. C. 3311.06, as well as in the many other duties and functions performed by it, the state board is carrying out the powers delegated to it by the General Assembly, and in so doing, the board must be controlled by other limitations and safeguards provided by the Constitution and by statute. Here, as in the manner of other administrative agencies so specified by the General Assembly, the board must follow the mandates of the Administrative Procedure Act, inclusive of the mandate that its adjudication orders be subject to judicial review pursuant to R. C. 119.12.

Parenthetically, I must state that I am particularly confused by this majority decision concerning the non-appealability of the state board's determinations after adjudicatory proceedings, in that this writer was extensively in-

volved in the lengthy and complex appellate proceedings, both at the intermediate level as well as within this court, concerning the state board's order terminating the Bratenahl School District. My question is whether this type of a proceeding is any less of an adjudicatory proceeding or quasi-judicial discretionary determination than was Bratenahl. If it is, the difference totally escapes me.

If it is the desire of this court to create a new judicial policy of administrative review in this state, I could conceivably join with the majority. However, the basis of the majority opinion being premised upon the interpretation of *Bd. of Edn.* v. *State Bd. of Edn., supra,* and other decisions of this court such as *Fortner* v. *Thomas, supra,* and its progeny, which dealt with legislative or rule-making type administrative hearings, I must dissent.