IN RE TRANSFER OF TERRITORY FROM THE CLEVELAND CITY SCHOOL DISTRICT.

(No. 81AP-591—Decided June 29, 1982.)

*Mr. Peter P. Lograsso* and *Mr. Thomas A. Kondzer,* for appellants Nowak et al.

*Mr. William J. Brown,* attorney general, and *Mr. Gary E. Brown,* for appellee State Bd. of Edn.

*Messrs. Squire, Sanders & Dempsey* and *Mr. James P. Murphy,* for appellee Bd. of Edn. of the Cleveland City Sch. Dist.

MOYER, J. This matter is before us on the appeal of the village of Newburgh Heights from a judgment of the Court of Common Pleas of Franklin County dismissing, for lack of jurisdiction, its appeal from a decision of the State Board of Education denying a request to transfer the territory in the village of Newburgh Heights from the Cleveland City School District to the Cuyahoga Heights Local School District.

The village of Newburgh Heights is a community of approximately 3,500 residents, comprising an area of approximately one square mile. The village is bounded on the east and north by the city of Cleveland and on the west and south by the village of Cuyahoga Heights. The territory is in the Cleveland City School District. In 1979, two hundred nine children in Newburgh Heights attended public school.

In 1970 and 1976, Newburgh Heights unsuccessfully petitioned the State Board of Education to transfer its territory from the Cleveland City School District. On February 8, 1978, the village petitioned the Cleveland City School District to transfer the village's territory to another school district. The Cleveland City School Board certified the proposal to the State Board of Education. The State Board of Education, for reasons not germane to this appeal, denied the transfer. The village then attempted to perfect an appeal of the board's decision to the Court of Common Pleas of Franklin County pursuant to R.C. 119.12. While the appeal was pending, the Supreme Court of Ohio held, in the case of *Bd. of Edn. of Marion* v. *Bd. of Edn. of Elgin* (1981), 66 Ohio St. 2d 152 [20 O.O.3d 165], that the decision of the State Board of Education denying a transfer of territory pursuant to R.C. 3311.06 could not be appealed to the court of common pleas under R.C. Chapter 119. The trial court in this case then held that the decision of the Supreme Court in *Bd. of Edn. of Marion, supra,* also applied to an appeal from a decision of the State Board of Education under R.C. 3311.24. For that reason, the trial court dismissed appellant's appeal for lack of subject matter jurisdiction.

In support of its appeal, the village raises the following assignment of error:

"I. The Court of Common Pleas erred in concluding that the action of the State Board of Education in denying a request to transfer school district territory pursuant to O.R.C. Section 3311.24 is not reviewable under Chapter 119 of the Ohio Revised Code."

Our decision in this case is controlled by our determination of whether the case of *Bd. of Edn. of Marion* v. *Bd. of Edn. of Elgin, supra,* applies to an appeal from a decision of the State Board of Education rendered pursuant to R.C. 3311.24. In the *Bd. of Edn. of Marion* case, the Supreme Court held that the State Board of Education acts in a quasi-legislative capacity when it considers an application for transfer of school district territory pursuant to R.C. 3311.06, and that there is, therefore, no appeal from that decision to

the court of common pleas under R.C. 119.12.

R.C. 3311.06 provides for the annexation of school district territory incidental to the annexation of the same territory by a city or village. The application for transfer of territory in the instant case was made pursuant to R.C. 3311.24, which provides for transfer of school district territory, independent of any transfer of the territory for other purposes. The application is made upon the petition from the board of education or the electors of the school district. The village submits that this distinction renders inapplicable to the instant case, the Supreme Court's decision in *Bd. of Edn. of Marion, supra.* We disagree.

The village's argument that the state board's functions and duties under R.C. 3311.06 are different from its duties and functions under R.C. 3311.24 is not supported by our review of the statutes. The case of *Bd. of Edn.* v. *State Bd. of Edn.* (1976), 45 Ohio St. 2d 117 [74 O.O.2d 215], does stand for the proposition that the action of the state board is administrative, rather than legislative, if there are guidelines for the board to follow in making its decision. The village cites the case of *Kneale* v. *Jennings* (1924), 111 Ohio St. 637, in support of its assertion that the board has guidelines to follow in ruling on a transfer request. However, *Kneale* merely recognizes the most general of guidelines required to make the action of the board constitutional. It does not recognize, nor does the village suggest that there exist, statutory or administrative guidelines sufficient to make the board's action administrative or quasi-judicial.

Appellant also relies on the case of *State, ex rel. Bell,* v. *Cambridge Bd. of Edn.* (1976), 45 Ohio St. 2d 316 [74 O.O.2d 475]. Dictum in that case indicated that the aggrieved party may have had an appeal from a decision under R.C. 3311.24 pursuant to R.C. 119.12. As appellee has pointed out, at the time the state board rendered its decision in *Cambridge Bd. of Edn., supra,* the decision of the Supreme Court in *Bd. of Edn.* v. *State Bd. of Edn., supra,* had not yet been rendered, and there was thus, at that time, no precedent to preclude taking an appeal from the decision of the State Board of Education pursuant to R.C. 3311.24. The Supreme Court in *Cambridge Bd. of Edn.* was not called upon to contemplate whether an appeal existed under R.C. 3311.24, since the case was decided on other grounds. The *Bd. of Edn. of Marion* case is not distinguishable on the grounds asserted by the village.

While we find persuasive the village's argument that a decision of the State Board of Education on a territory transfer request pursuant to R.C. 3311.24 is an administrative, quasi-judicial decision, we are bound by the majority opinion in *Bd. of Edn. of Marion* v. *Bd. of Edn. of Elgin, supra.* As Justice Holmes emphasized in his dissenting opinion in that case, the State Board of Education is not acting in a rule-making or quasi-legislative capacity when it considers an application for the transfer of school district territory. It also appears to us that the board is acting as an arbitrator of the claims of opposing parties in a quasi-judicial role. However, we are not convinced that there is any real distinction between the actions of the state board in considering an application for transfer pursuant to R.C. 3311.06 and in considering an application pursuant to R.C. 3311.24, and therefore apply the holding of *Bd. of Edn. of Marion* to this case. The assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and MCCORMAC, JJ., concur.