WALT'S FRIENDLY TAVERN, APPELLANT,
v. OHIO DEPARTMENT OF LIQUOR
CONTROL, APPELLEE.

(No. 46583—Decided October 11, 1983.)

*Mr. Harvey H. Starkoff,* for appellant.
*Mr. Anthony J. Celebrezze, Jr.* attorney general, for appellee.

*Per Curiam.* Local-option election petitions under authority of R.C. 4301.321, regarding a particular permit premises, were filed with the Cuyahoga County Board of Elections before 4:00 p.m., August 19, 1982. The petitions con-

tained seventy-one valid signatures and this number of signatures was more than the required thirty-five percent of the voters who voted for Governor in Cleveland's Ward 14, Precinct L in the 1978 gubernatorial election. R.C. 4301.331. The petitions were filed within the seventy-five-day provision for filing petitions under R.C. 4301.331. Pursuant to this local-option petition the question of whether or not the permit of 3623 Lorain Avenue, Inc., d.b.a. Walt's Friendly Tavern, shall remain in force was submitted to the voters of Ward 14, Precinct L at the general election held on November 2, 1982.

The vote to cancel appellant's permit was one hundred sixty-six to cancel, and fifty-one to allow the permit to remain in force.

The vote count was certified on November 29, 1982. Pursuant to R.C. 4301.362, the board of elections notified the Department of Liquor Control of the final result of the election by certified mail. Appellee, Department of Liquor Control, also pursuant to R.C. 4301.362, then notified the appellant permit holder that, as a result of certification by the board of elections of the election result, its liquor permits were cancelled within seven days from November 30, 1982.

In response to the cancellation order by the Department of Liquor Control, the permit holder filed its appeal in the Court of Common Pleas of Cuyahoga County on December 6, 1982. The basis for such appeal was that it was a financial hardship for the permit holder to close. A motion was also filed with the court for a stay order for that same reason. The court granted a stay order, staying the order of cancellation from the Department of Liquor Control, on December 8, 1982. The appeal was dismissed and the stay of execution was dissolved on February 4, 1983.

### Assignment of Error No. I

"The trial court erred to the prejudice of the plaintiff-appellant in dismissing their [sic] appeal and dissolving the stay of execution, in violation of their [sic] right to appeal guaranteed by § 119.12 of the Ohio Revised Code."

This is an appeal under R.C. 119.12 due to the fact that the court granted a stay order based on hardship. Appeals under R.C. 119.12 are lawful only to review an *adjudication* by an administrative agency, such as the Department of Liquor Control. It is clear from the record of this case that we are not concerned here with an *adjudication* by the Department of Liquor Control which, in cancelling the subject permit, was only following the statutory directive contained in R.C. 4301.362, upon notification of the election result from the board of elections. The adjudication in effect was made by the voters of Ward 14, Precinct L on November 2, 1982 and not by any administrative agency. Such action is not appealable under R.C. 119.12. See *Bd. of Edn. of Marion* v. *Bd. of Edn. of Elgin* (1981), 66 Ohio St. 2d 152 [20 O.O.3d 165]; *Bd. of Edn.* v. *State Bd. of Edn.* (1976), 45 Ohio St. 2d 117 [74 O.O.2d 215].

The Cuyahoga County Board of Elections is not a party defendant in this action. The permit holder had two remedies to pursue. The permit holder under R.C. 3515.02 had five days after certification of the election to file a petition for recount; or under R.C. 3515.09, fifteen days after certification of the election to file an election contest. Both of these remedies would be pursued against the local board of elections as a party to the action. The permit holder failed to avail itself of either remedy, and with statutes of limitations in each case having run, the court had no jurisdiction to consider this matter. All the permit holder has attempted to do is to contest the validity of the local option petitions and whether such petitions were filed within the seventy-five-day period prior to November 2, 1982.

In *Temple* v. *Liquor Control Commission* (1965), 12 Ohio Misc. 38 [41 O.O.2d 28], affirmed (Apr. 19, 1966), Franklin

App. No. 8201, unreported, the first syllabus of the case reads as follows:

"The Liquor Control Commission is not a proper party to an action to contest the validity of a local option election, since the commission is bound by the certification of the board of elections."

At page 41 the county stated:

"* * * the dispute as to the validity of the election must necessarily exist between the plaintiff and the supervisor of elections, that is the Franklin County Board of Elections, and not between the plaintiff and the Department of Liquor Control."

We agree. The assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

CHRISTIANSEN, P.J., PATTON and MCMANAMON, JJ., concur.

CHRISTIANSEN, P.J., of the Richland County Probate Court, sitting by assignment in the Eighth Appellate District.