STAPLES, DIR., ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* OHIO CIVIL SERVICE EMPLOYEES ASSOCIATION/ AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, LOCAL 11, AFL-CIO, APPELLEE; STATE EMPLOYMENT RELATIONS BOARD, APPELLEE AND CROSS-APPELLANT.■

(No. 86AP-738 — Decided December 31, 1986.)

*Sponseller, Erfurt & Segel, Nancy L. Sponseller* and *Benjamin B. Segel,* for appellants and cross-appellees Seth Staples, Director of Hamilton County Department of Human Services; Hamilton County Department of Human Services; and Hamilton County Board of Commissioners.

*Daniel Scott,* for appellee OCSEA/AFSCME, Local 11, AFL-CIO.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Loren J. Braverman,* for appellee and cross-appellant State Employment Relations Board.

REILLY, J. This is an appeal by appellants (and cross-appellees), Seth Staples, Director of the Hamilton County Department of Human Services, the Hamilton County Department of Human Services, and members of the Hamilton County Board of Commissioners, from a judgment of the Franklin County Court of Common Pleas sustaining the motion to dismiss for lack of jurisdiction of appellee (and cross-appellant) State Employment Relations Board ("SERB").

This case involves an election held among the employees of the Hamilton County Department of Human Services pursuant to a petition for representation filed by appellee Ohio Civil Service Employees Association/American Federation of State, County and Municipal Employees, Local 11, AFL-CIO ("OCSEA") under the Ohio Public Employees Collective Bargaining Act. The election was held by SERB at the consent of the parties on July 11, 1984, and the department selected "no representation" by a vote of 355 to 354.

Following the election, OCSEA filed seventeen objections in connection with the election in accordance with SERB rules. By agreement of appellants and OCSEA, five of the seventeen objections were submitted for a hearing before a SERB hearing officer. The other twelve objections remained, pending the resolution of the matter.

On May 8, 1986, SERB, pursuant to Ohio Adm. Code 4117-5-10(B), ordered a re-run election. The "Direction of Re-Run Election" was filed and a copy served upon each party on May 12, 1986.

SERB issued an "Additional Specifications for Re-Run Election" on May 28, 1986, which set June 1, 1986 as the final date to file a waiver of the "other objections." The specifications stated, in pertinent part, that:

"* * * [T]he re-run election will go forward 'conditioned upon the union notifying the Board within twenty days of the Board's order that it waives its other objections to the election of July 11, 1984.' This waiver must be filed with the Board no later than June 1, 1986, which is twenty days after issuance of the Direction of Re-Run Election."

SERB filed an "Additional Specifications for Re-Run Election (Correction)" which stated that the waiver must be filed by OCSEA no later than June 2, 1986. On that date, OCSEA waived its remaining objections. However, on June 6, 1986, appellants filed their appeal in the Franklin County Court of Common Pleas. Subsequently, the trial court dismissed the appeal for lack of jurisdiction, and appellants have timely filed an appeal to this court and have raised the following assignment of error:

"The court of common pleas erred in granting appellee State Employ-

ment Relations Board's motion to dismiss and dismissing appellants' appeal on the ground that it lacked jurisdiction."

Further, SERB has filed the following cross-assignments of error:

"1. The court below erred when it failed to find that it lacked jurisdiction over the subject matter of the appeal because a direction of election by the State Employment Relations Board is not a final order appealable pursuant to R.C 119.12.

"2. The court below erred when it failed to find that it lacked jurisdiction over the subject matter of the appeal because a direction of election by the State Employment Relations Board is not an 'adjudication order' subject to appeal under R.C. 119.12.

"3. The court below erred when it failed to find that it lacked jurisdiction over the subject matter of the appeal because appellant did not timely file its notice of appeal."

Appellants have filed a motion to strike the notice of cross-appeal and to dismiss the cross-appeal. Appellee SERB filed a memorandum in opposition. SERB's cross-appeal is dismissed because it is not an aggrieved party who was prejudiced by the judgment appealed from the trial court. See Whiteside, Ohio Appellate Practice (1981), Text, at Sections 3.12 and 3.13. Nonetheless, it is noted that the issues raised by SERB will necessarily be discussed *infra*.

There is the question at the outset in conjunction with R.C. Chapter 4117 whether SERB decisions are subject to R.C. 119.12, which provides for an appeal to the Court of Common Pleas of Franklin County by "[a]ny party adversely affected by any order of an agency issued pursuant to any other adjudication * * *."

R.C. 119.01(A) includes an extensive list of those agencies which are expressly subject to the Administrative Procedure Act ("APA"), R.C. Chapter 119. R.C. 119.01(A) provides that other agencies also subject to the APA are "any administrative or executive officer, department, division, bureau, board, or commission of the government of the state *specifically made subject to sections 119.01 to 119.13 of the Revised Code * * *.*" (Emphasis added.)

Considering the above-stated provision, SERB is subject to R.C. Chapter 119 under R.C. 4117.02(M), which provides that:

"Except as otherwise specifically provided in this section, *the [state employment relations] board is subject to Chapter 119. of the Revised Code,* including the procedure for submission of proposed rules to the general assembly for legislative review under division (H) of section 119.03 of the Revised Code." (Emphasis added.)

Appellees contend that the specific right-of-appeal provisions contained in R.C. Chapter 4117 are exclusive and demonstrate a legislative intent that there is no general right to appeal under R.C. 119.12.

It is noted that none of the statutory provisions to which appellees refer is applicable to this case. The fact that the General Assembly has allowed for appeal to the court of common pleas in some special circumstances — an appeal from a final order in an unfair labor proceeding (R.C. 4117.13 [D]), an "appeal" from an order enjoining a strike (R.C. 4117.16[A]), or an appeal of a penalty for an unlawful strike (R.C. 4117.23) — does not bolster the argument that these sections provide the exclusive method of perfecting an appeal to the trial court. These specific provisions do not conflict with R.C. 4117.02(M), but only set forth those special circumstances where there is also a right of appeal to the trial court.

Under R.C. 119.12, an order issued pursuant to an adjudication of an agen-

cy adversely affecting a party may be appealed. Thus, the question arises as to whether the board of county commissioners is a party under R.C. 119.12.

R.C. 119.01(G) defines "party" as: "* * * [T]he person whose interests are the subject of an adjudication by an agency."

A "person" is defined under R.C. 119.01(F), as:

"* * * [A] person, firm, corporation, association, or partnership."

The trial court *relied* upon the case of *In re 37 Employees* v. *Greene Cty. Bd. of Commrs.* (Apr. 26, 1979), Franklin App. No. 78AP-653, unreported. In that case, it was determined that the Greene County Board of County Commissioners was not a party within the definition of R.C. 119.12. The court in *Greene Cty. Bd. of Commrs.* relied basically upon the Supreme Court case of *State, ex rel. Osborn,* v. *Jackson* (1976), 46 Ohio St. 2d 41, 75 O.O. 2d 132, 346 N.E. 2d 141. The *Osborn* case, which was an action in mandamus, involved an appeal by the Director of the Department of Transportation of an order of the State Personnel Review Board which disaffirmed the layoffs of employees at the Ohio Department of Transportation. This case is distinguishable from *Osborn* since the present action was not brought on behalf of a state agency or an official of a state agency.

Instead, the case of *In re Assignment of New Riegel Local School Dist.* (1982), 8 Ohio App. 3d 306, 8 OBR 414, 456 N.E. 2d 1245, which held that a local school district could bring an administrative appeal under R.C. 119.12, is applicable herein. In *New Riegel* we found that a resolution of the State Board of Education was subject to R.C. Chapter 119 pursuant to R.C. 3301.13; similarly, SERB, herein, is subject to R.C. Chapter 119 under R.C. 4117.02(M). Further, as in *New Riegel,* this case does not involve an action

*commenced* by a state agency or an official of a state agency, as both the Hamilton County Board of Commissioners and the local school district in *New Riegel* involve political subdivisions of the state.

The Political Subdivision Tort Liability Act, at R.C. 2744.01(F), defines a "political subdivision" as including "a municipal corporation, township, county, *school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state * * *"* (emphasis added).

The Hamilton County Board of Commissioners is a body corporate and politic responsible for governmental activities in Hamilton County and, consequently, is a corporation within the definition of "person" under R.C. 119.01(F). Hence, the Hamilton County Board of Commissioners is a "party" within the meaning of R.C. 119.12.

There was an order issued pursuant to an adjudication. " 'Before an appeal can successfully be brought to the Court of Common Pleas of Franklin County under the provisions of R.C. Chapter 119, the proceedings of the administrative agency must have been quasi-judicial in nature.* * *' " *New Riegel, supra,* at 308, 8 OBR at 416, 456 N.E. 2d at 1246, quoting from *State, ex rel. Bd. of Edn.,* v. *State Bd. of Edn.* (1978), 53 Ohio St. 2d 173, 176, 7 O.O. 3d 357, 358, 373 N.E. 2d 1238, 1241. The proceedings before SERB provided the parties adequate notice, an opportunity to present evidence and involved the exercise of SERB's discretionary powers. Thus, the hearings commenced on August 15, 1984 were quasi-judicial in nature. The order of SERB directing a re-run election also was based on an adjudication since it determined the rights, privileges, benefits and legal relationships of the respective parties. SERB's contention that the election is in effect a discovery

tool and, consequently, the order was not based on an adjudication, is not well-taken.

The public employees in this case elected not to have OCSEA as their exclusive bargaining representative. R.C. 4117.07(C)(6) states, in part, that:

"The board may not conduct an election under this section in any appropriate bargaining unit within which a board-conducted election was held in the preceding twelve-month period."

Hence, absent the "Direction of Re-run Election," another election for exclusive representation could not have been held for twelve months. Even if appellants prevail in the re-run election, the order has postponed appellants' right not to have another election conducted for twelve months following the July 11, 1984 election.

In sum, it is uncontroverted that the "Direction of Re-Run Election" defined the rights, duties, privileges, and legal relationships of the respective parties. The "Direction of Re-Run Election" was not advisory, nor could it be disregarded by appellants. Therefore, pursuant to R.C. 119.12, SERB's "Direction of Re-Run Election" was an order based upon an adjudication which adversely affected appellants.

In any event, R.C. 2505.02 presents the key issue as to whether there was a final appealable order issued by SERB, and if so, whether the appeal was filed no later than fifteen days from the date of the final appealable order. R.C. 2505.02 states in pertinent part that a final order is one in which there is "* * * an order affecting a substantial right made in a special proceeding * * *."

R.C. 2505.02 does not provide a definition of a "special proceeding." Although the court stated in *State* v. *Collins* (1970), 24 Ohio St. 2d 107, 109, 53 O.O. 2d 302, 303, 265 N.E. 2d 261, 263, that "[w]hile most modern courts have been less than precise in defining 'special proceeding' and some encyclo-

pedias appear to say only that 'if it isn't ordinary it is special,' * * *" we nevertheless conclude that the hearings on the objections conducted by SERB commencing on August 15, 1984 constituted a "special proceeding." Compare *Union Camp Corp.* v. *Whitman* (1978), 54 Ohio St. 2d 159, at 161, 8 O.O. 3d 155, at 156-157, 375 N.E. 2d 417, at 419.

Further, the order affected a substantial right, since, as indicated above, the order to conduct a re-run election affected appellants' right not to have an election conducted for twelve months following the initial election of July 11, 1984.

Appellants' appeal was also filed within fifteen days from the date of the final appealable order as required by R.C. 119.12. There was no final appealable order until June 2, 1986 at which time appellee OCSEA filed its waiver of the other twelve pending objections. The re-run election could not have taken place until the waiver was filed, since the other twelve objections remained pending. Accordingly, we find that upon OCSEA's filing of its waiver of June 2, 1986, the "Direction of Re-Run Election" became a final appealable order. Thus, appellants timely filed an appeal to the court of common pleas on June 6, 1986. Consequently, the trial court had jurisdiction in this case. Appellants' assignment of error is sustained.

Although appellee SERB's cross-appeal is dismissed, the specific issues raised thereby are determined. As indicated above, there was a final appealable order pursuant to R.C. 2505.02, there was an "adjudication order" by SERB subject to appeal pursuant to R.C. 119.12 under the facts of this case, and appellants timely filed their notice of appeal on June 6, 1986 within fifteen days of the final appealable SERB order of June 2, 1986.

For the foregoing reasons, the judgment of the common pleas court is

reversed, and this cause is remanded to that court for further proceedings consistent with this opinion.

*Cross-appeal dismissed.*
*Judgment reversed and cause remanded.*

WHITESIDE and TYACK, JJ., concur.