OPINION.
{¶ 1} The residents of the Village of Country Hills ("the residents") appeal the judgment of the Hamilton County Common Pleas Court that affirmed a decision of the Oak Hills Local School District Board of Education ("Oak Hills") to deny the residents' request to transfer certain territory from the Cincinnati City School District ("CCSD") to Oak Hills. Because the common pleas court was without jurisdiction to entertain the action, we vacate its judgment and remand this case for the entry of an order of dismissal.
 {¶ 2} R.C. 3311.24 controls the transfer of territory from a city, exempted village, or local school district to an adjoining city, exempted village, or local school district. The residents initiated a proceeding pursuant to R.C. 3311.24 by filing a petition with the State Board of Education ("State Board"), requesting that the State Board transfer certain territory ("the requested territory") from CCSD to Oak Hills. The requested territory consisted of thirteen homes and several undeveloped lots.
 {¶ 3} An evidentiary hearing was held before a hearing officer of the State Board. The hearing officer issued a report and recommendation to the State Board, calling for the approval of the residents' transfer request. CCSD filed objections to the hearing officer's report. The State Board reversed the decision of the hearing officer and denied the residents' transfer request. The residents appealed the State Board's order to the Franklin County Common Pleas Court. The Franklin County Common Pleas Court reversed the order of the State Board and ordered the transfer of the requested territory from CCSD to Oak Hills.
 {¶ 4} In compliance with the court order, the State Board adopted a resolution transferring the requested territory from CCSD to Oak Hills. In turn, CCSD adopted a resolution approving the transfer. Thereafter, however, Oak Hills voted to deny the residents' request.
 {¶ 5} The residents filed in the Hamilton County Common Pleas Court an administrative appeal of Oak Hills's decision. The common pleas court granted judgment in favor of Oak Hills. The residents now argue, in a single assignment of error, that the trial court erred by finding that Oak Hills's decision was supported by a preponderance of substantive, reliable, and probative evidence.
 {¶ 6} Under R.C. 3311.24, the board of education of a receiving school district has unfettered discretion to reject a proposed transfer, despite the State Board's approval of the transfer.[1] R.C. 3311.24 provides, in pertinent part, as follows, "If the decision of the state board of education is an approval of the proposed transfer of territory then the board of education of the district in which the territory is locatedshall * * * adopt a resolution transferring the territory and shall forthwith submit a copy of such resolution to the treasurer of the board of education of the city, exempted village, or local school district to which the territory is transferred. Suchtransfer shall not be complete[,] however, until: (1) Aresolution accepting the transfer has been passed by a majorityvote of the full membership of the board of education of thecity, exempted village, or local school district to which theterritory is transferred * * *." (Emphasis added.)
 {¶ 7} In Garfield Hts. City School Dist. v. State Bd. ofEdn., the Supreme Court of Ohio noted the statute's distinction between the duties of a transferring school district and the duties of a receiving school district. While the statute mandates that the board of a transferring district "shall * * * adopt a resolution transferring the territory" upon the approval by the State Board, "such mandatory language * * * is conspicuously absent from R.C. 3311.24's reference to the receiving
board."[2]
 {¶ 8} The Supreme Court refused to construe R.C. 3311.24 to impose a duty upon the receiving district to accept the transfer, because the legislature had conditioned the completion of the transfer on the acceptance by a majority vote of the receiving district's board.[3] The court held that, under the clear terms of R.C. 3311.24, the board of education of a receiving school district may reject the transfer of territory after a proposal to transfer the territory has been approved by the State Board.[4]
 {¶ 9} R.C. 3311.24 makes no provision for any limitation upon the discretion of a receiving board and makes no provision for judicial review of a decision by the receiving board. Therefore, the statute provides no standard or basis upon which a reviewing court might evaluate the receiving board's decision. Accordingly, we hold that Oak Hills had unlimited discretion to reject the residents' transfer request, and that the trial court was without jurisdiction to review Oak Hills's decision.[5]
 {¶ 10} The residents argue, though, that R.C. Chapter 2506 authorized their appeal of Oak Hills's decision to the common pleas court. R.C. 2506.01 provides, "Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * *." R.C. 2506.01 thus provides for appeals only from quasi-judicial proceedings, which require notice, a hearing, and the opportunity to introduce evidence.[6] The statute does not authorize a court to review an exercise of legislative authority.[7]
 {¶ 11} The reasoning of prior decisions of the Ohio Supreme Court applying former R.C. 3311.06 bolsters our conclusion that the act of a board of education of a receiving school district in disapproving a transfer request is not appealable pursuant to R.C. 2506.01. Former R.C. 3311.06 required the State Board's approval of a territory transfer following the annexation of a school district's territory. In Bd. of Edn. v. State Bd. ofEdn., the court held that because R.C. 3311.06 gave the State Board no guidelines or standards to use in approving or disapproving the transfer of territory, the State Board's act in approving a transfer of territory under the statute was in itself a legislative act and was therefore not appealable.[8]
Then, in Marion Bd. of Edn. v. Elgin Bd. of Edn.,[9] the court held that the act of the State Board in disapproving a transfer of territory under R.C. 3311.06 was also a legislative act and was therefore not appealable.
 {¶ 12} Thereafter, the State Board promulgated administrative code provisions in order to provide a framework for the transfer of territory under R.C. 3311.06 and 3311.24.[10] Under the provisions, referees of the State Board are directed to consider numerous factors before making recommendations on transfer requests to the State Board, and parties are afforded due-process rights, including notice, a hearing, and the opportunity to present evidence.[11]
 {¶ 13} In a later challenge to the State Board's denial of a transfer request, the supreme court distinguished its earlier decision in Marion Bd. of Edn. because the case had been decided before the promulgation of the administrative code provisions by the State Board.[12] The court held that the State Board's act in disapproving a transfer of territory request was a quasi-judicial act and was therefore appealable, because the transfer request was subject to the administrative code provisions under which parties were afforded certain due-process rights.
 {¶ 14} We note that no such administrative code provisions have been promulgated with respect to the actions of a receiving school district upon the State Board's approval of a proposed transfer. In fact, R.C. 3311.24 provides no guidelines or standards to be used by a receiving district when voting on a transfer request. Nor does the statute afford due-process rights to the residents of a territory whose request has been denied by a receiving district. Therefore, because the board of education of a receiving school district is given no statutory guidelines or standards to use in approving or disapproving the transfer of territory from another territory, the board's action in approving or disapproving the transfer is itself a legislative act.[13] Such a legislative act is not subject to judicial review pursuant to R.C. 2506.01.
 {¶ 15} In this case, Oak Hills's decision to deny the residents' transfer request was not appealable. Because the common pleas court in this case was without jurisdiction to entertain the action, we vacate its judgment and remand this case for the entry of an order dismissing the appeal to the court of common pleas.
Judgment vacated and cause remanded.
Painter and Sundermann, JJ., concur.
[1] See Garfield Hts. City School Dist. v. State Bd. of Edn.
(July 29, 1993), 8th Dist. Nos. 63304 and 63315; Garfield Hts.City School Dist. v. State Bd. of Edn. (1995),71 Ohio St.3d 590, 646 N.E.2d 163.
[2] Garfield Hts. City School Dist. v. State Bd. of Edn.
(1995), 71 Ohio St.3d 590, 592, 646 N.E.2d 163.
[3] Id. at 593, 646 N.E.2d 163.
[4] Id. at 594, 646 N.E.2d 163.
[5] See Garfield Hts. City School Dist. v. State Bd. of Edn.,
supra (Eighth Appellate District noted that "there is no indication that the exercise of [the discretion of a receiving school district to reject the State Board's decision to transfer an area] may be challenged or questioned by the transferring school district.").
[6] See State ex rel. Painesville v. Lake Cty. Bd. ofCommrs., 93 Ohio St.3d 566, 2001-Ohio-1609, 757 N.E.2d 347.
[7] See Fortner v. Thomas (1970), 22 Ohio St.2d 13,257 N.E.2d 371; M.J. Kelley Co. v. Cleveland (1972),32 Ohio St.2d 150, 290 N.E.2d 562.
[8] (1976), 45 Ohio St.2d 117, 341 N.E.2d 589.
[9] (1981), 66 Ohio St.2d 152, 420 N.E.2d 990, syllabus, superceded by regulation as stated in Union Tile Co. v. StateBd. of Edn. (1990), 51 Ohio St.3d 189, 555 N.E.2d 931.
[10] See Ohio Adm. Code 3301-89-01 to 3301-89-03.
[11] See id.
[12] See Union Tile Co. v. State Bd. of Edn., supra.
[13] See Bd. of Edn. v. State Bd. of Edn., supra (construing former R.C. 3311.06).