CHRISTIAN CARE HOME OF CINCINNATI, INC., APPELLANT, *v.* STATE CERTIFICATE OF NEED REVIEW BOARD [DIRECTOR OF HEALTH], APPELLEE.

(No. 88AP-146—Decided
May 26, 1988.)

*Geoffrey E. Webster,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Lawrence D. Pratt,* for appellee.

STRAUSBAUGH, J. This is an appeal by appellant, Christian Care Home of Cincinnati, Inc., from a judgment of the Franklin County Court of Common Pleas which sustained appellee's motion to dismiss. The basis for appellee's motion was that the order of the State Certificate of Need Review Board ("board") from which the appeal was taken was not a final, appealable order pursuant to former R.C. 3702.58.

Appellant is a thirty-three-nursing-bed, long-term care facility located in Cincinnati. The facility provides intermediate care services, for which approximately sixty to seventy percent of its patient population qualifies under the Medicaid program.

Appellant, on July 2, 1984, filed a Certificate of Need ("CON") application with appellee, the Ohio Director of Health, for eighty-four long-term care beds which consisted of the replacement of the existing facility and the addition of fifty-one beds. The application was declared complete on April 29, 1985. The application was reviewed by a medical facilities' consultant on behalf of the director, who recommended that the application be amended to request fifty nursing home beds consisting of thirty-three replacement units and seventeen new beds. The result of this review was ultimately embodied in a staff report which recommended that appellant's request for a Certificate of Need be denied. The director formally notified appellant on November 14, 1985 that the CON was denied.

Thereafter, appellant requested a public hearing for reconsideration of the director's decision pursuant to former Ohio Adm. Code 3701-12-15. Appellant's request for reconsideration was premised on a modified CON application for the replacement of only fifty beds. Additional information was submitted regarding changes to the application. Appellant's amended application apparently sought the replacement of the existing thirty-three nursing home beds, the addition of seventeen nursing home beds, a new facility and the remodeling of the existing facility into a service facility.

Appellant requested an adjudication hearing before the board on January 13, 1986. Upon review, the board denied appellant's request for the fifty-one-bed addition to the existing nursing home facility and remanded appellant's application to the director for consideration of the amended fifty-bed CON application consisting of thirty-three nursing

home beds plus either seventeen assisted care beds or sixteen assisted care beds and one isolation bed.

Appellant then initiated the present suit in the Franklin County Court of Common Pleas on August 5, 1987 seeking a review of the board's order. Appellee, on December 3, 1987, filed a motion to dismiss on the basis that the order was nonfinal and nonappealable. The trial court, on January 29, 1988, dismissed the action for the reason that the appeal was taken from a nonfinal order.

Upon appeal, appellant sets forth the following two assignments of error:

"I.  The court below erred in its construction of O.R.C. §§ 119.12 and 3702.58. The review board's order to remand this matter to ODH [Ohio Department of Health] is appealable under O.R.C. §§ 119.12 and 3702.58.

"II.  The lower court erred in its interpretation of Ohio Revised Code Section 3702.58(B)."

Appellee maintains first that the instant order is neither final nor appealable for the reason that appellant has failed to exhaust its administrative remedies and that since the agency has the most expertise and knowledge regarding the issuance of CON applications, judicial expediency dictates that the agency decide this issue first. It maintains that although the board has determined that appellee was correct in denying a Certificate of Need to appellant for fifty-one nursing home beds, the board remanded for further consideration the issue of whether a CON for thirty-three nursing home beds plus seventeen additional assisted care beds would be proper. Appellee argues that since it has never evaluated the feasibility of such a project, appellant's appeal is clearly premature and that, in any event, even if the order of the board is considered final for purposes of R.C. 119.12, it is clear that this general language in R.C. Chapter 119 has been modified by the provisions of former R.C. 3702.58(B) (see 141 Ohio Laws 1760, 2277, 2278-2279). Specifically, that section states that the decision of the board "shall be based upon the record and shall be considered as the final decision or order of the state agency, unless the board determines that the matter shall be remanded to the state agency for further consideration or action. * * *"

Appellant maintains in its first assignment of error that a party aggrieved by an administrative agency order may appeal that order when it is rendered in the course of a proceeding which is quasi-judicial in nature. A quasi-judicial proceeding requires notice, a hearing, an opportunity to introduce testimony, and a finding or decision made in accordance with statutory authority. See R.C. 119.06, 119.07 and 119.09. Cf. *In re Assignment of New Riegel Local School Dist.* (1982), 8 Ohio App. 3d 306, 308-309, 8 OBR 414, 416-417, 456 N.E. 2d 1245, 1246-1247.

We find that all of these elements were met when the board reviewed appellant's appeal from the denial of its CON application and that the order at issue was rendered in the course of a quasi-judicial proceeding. Furthermore, the procedures before the review board were consistent with the definition of an "adjudication" in accordance with R.C. 119.01(D). Appellant's first assignment of error is sustained.

With respect to appellant's second assignment of error, we find that the decision of the board to remand this cause to the director for further consideration was final and appealable. It is only where the board either grants or denies a CON application that its action merges with the action of the director and becomes final for purposes of appeal from the order of the

agency itself. In any event, we find that the order appealed from substantially affects the appellant nursing home and, therefore, is a final and appealable order. Appellant's second assignment of error is sustained.

The judgment of the common pleas court is reversed and this cause is remanded for further proceedings in accordance with law and this decision.

*Judgment reversed and cause remanded.*

WHITESIDE, P.J., and REILLY, J., concur.