HUDSON TOWNSHIP BOARD OF TRUSTEES, APPELLEE, *v.* STATE EMPLOYMENT RELATIONS BOARD ET AL., APPELLANTS.

(Nos. 13365 and 13367—Decided December 7, 1988.)

*Joseph M. Holden, John W. Solomon* and *Sidney C. Foster,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Loren L. Braverman,* for appellee State Employment Relations Board.

*Paul L. Cox,* for appellee Fraternal Order of Police, Ohio Labor Council, Inc.

MAHONEY, P.J. The State Employment Relations Board ("SERB") and the Fraternal Order of Police, Ohio Labor Council, Inc. ("FOP") challenge an order of the Summit County Court of Common Pleas which not only reversed a finding by SERB that the Hudson Township Board of Trustees ("Trustees") had committed an unfair labor practice pursuant to R.C. Chapter 4117, but which remanded the cause to SERB to consider the objections the Trustees had filed to the FOP's request for voluntary recognition. For the reasons hereinafter set forth, we vacate the judgment of the trial court and remand this cause to it for hearing on the appeal from the "cease and desist" order only.

## Facts

The relevant facts in this matter are essentially undisputed. The FOP, seeking certification to be the exclusive representative of a bargaining unit to consist solely of Hudson Township police sergeants, filed a "Request for Voluntary Recognition" with SERB on March 22, 1985. The Trustees contend that they did not receive a copy of this request until March 25.

Since they believed that the sergeants in controversy were not "public employees" pursuant to R.C. 4117.01(C)(10), the Trustees filed objections to the proposed certification. Although these objections appear to have been mailed by the Trustees on April 12, 1985, they were not actually received by SERB until April 17, 1985.

SERB certified the FOP on April 24, 1985. In the order of certification, SERB stated that the Trustees' objections were not considered by SERB because the objections had not been timely filed. Although the Trustees subsequently sought to have SERB reconsider the matter, SERB declined to do so. The Trustees did not appeal the April 24 order certifying the FOP as the bargaining agent for the sergeants.

The parties agree that the Trustees subsequently refused to bargain with the FOP. Consequently, the FOP filed an unfair labor practice charge

with SERB. SERB eventually determined that the Trustees had committed an unfair labor practice by refusing to bargain with the FOP and issued a "cease and desist" order to the Trustees.

The Trustees filed a timely appeal pursuant to R.C. 4117.13(D) in the Summit County Court of Common Pleas, challenging SERB's determination that they had committed an unfair labor practice. The FOP was permitted to intervene in the action and SERB was represented by the office of the Attorney General of Ohio.

The common pleas court's review of the matter focused upon whether SERB should have considered the Trustees' objections to certification of the bargaining unit. Although the court found that the Trustees had refused to bargain with a certified unit, the court held that SERB had abused its discretion by failing to consider the Trustees' objections. Therefore, the court concluded that SERB should have considered the Trustees' objections, vacated SERB's "prior orders," and remanded the cause to SERB for a "re-determination of the certification issue."

Both SERB and the FOP filed notices of appeal from the order of the common pleas court. The assignments of error filed by the FOP are nearly identical to those filed by SERB and, consequently, shall not be considered separately. This court subsequently consolidated the appeals. On appeal, SERB contends:

### Assignments of Error

"I. The court of common pleas erred when it concluded that the State Employment Relations Board abused its discretion by refusing to consider the untimely objections filed by the Hudson Township Trustees.

"II. The court of common pleas erred when it vacated the order of the State Employment Relations Board and remanded the cause for redetermination of the certification issue."

In their answer to the FOP's charge that the Trustees had committed an unfair labor practice, the Trustees admitted that the FOP had been certified by SERB as the representative of a bargaining unit composed of Hudson Township police sergeants. The Trustees also admitted that they had continuously refused to bargain with the FOP. Such conduct is prohibited as an unfair labor practice pursuant to R.C. 4117.11(A)(5) and 4117.11(A)(1). Having admitted all of the essential elements of the unfair labor practice charge, the Trustees claimed that SERB erred in failing to consider the Trustees' objections to certification of the bargaining unit.[1] The controlling statute in this regard is R.C. 4117.05, which provides in pertinent part:

"(A) An employee organization becomes the exclusive representative of all the public employees in an appropriate unit for the purposes of collective bargaining by either:

"* * *

"(2) Filing a request with a public employer with a copy to the state employment relations board for recognition as an exclusive representative. In the request for recognition, the employee organization shall describe the bargaining unit, shall allege that a majority of the employees in the bargaining unit wish to be represented by the employee organization, and shall support the request with substantial evidence based on, and in accor-

---

[1] In a supplemental brief requested by this court, SERB agrees that under federal law, certification issues are reviewable in unfair labor practice proceedings where an employer has refused to bargain with a certified employee organization. See *American Federation of Labor* v. *Natl. Labor Relations Bd.* (1940), 308 U.S. 401.

dance with, rules prescribed by the board demonstrating that a majority of the employees in the bargaining unit wish to be represented by the employee organization. Immediately upon receipt of a request, the public employer shall either request an election under division (A)(2) of section 4117.07 of the Revised Code, or take the following action:

"* * *

"(b) Immediately notify the state employment relations board of the request for recognition.

"The state employment relations board shall certify the employee organization filing the request for recognition on the twenty-second day following the filing of the request for recognition, unless by the twenty-first day following the filing of the request for recognition it receives:

"* * *

"(iv) Substantial evidence based on, and in accordance with, rules prescribed by the board indicating that the proposed unit is not an appropriate unit pursuant to section 4117.06 of the Revised Code."

SERB concluded that since the Trustees' objections were not received by SERB "by the twenty-first day following the filing of the request for recognition," SERB need not consider the objections. In order to be timely according to SERB's construction of the statute, the Trustees' objections should have been received by SERB no later than April 15, 1985. SERB did not actually receive the Trustees' ob-

jections until April 17 and certified the bargaining unit on April 24, 1985.

Citing R.C. 4117.22 and Ohio Adm. Code 4117-1-02(E),[2] the common pleas judge held that R.C. 4117.05(A)(2)(b) should be liberally construed and that SERB had abused its discretion by failing to consider the Trustees' objections.

### Discussion

The resolution of this appeal lies in the analysis of the Ohio Supreme Court's recent decision in *South Community, Inc.* v. *State Emp. Relations Bd.* (1988), 38 Ohio St. 3d 224, 527 N.E. 2d 864. After SERB certified OAPSE[3] as the exclusive bargaining unit of its employees, South Community, Inc. appealed to the court of common pleas pursuant to R.C. 119.12. It appealed the initial issue of whether its employees were "public employees" subject to the Act (R.C. Chapter 4117) and the issue of whether certain employees should have been entitled to vote in the rerun election. The court held in its syllabus:

"The State Employment Relations Board is an 'agency' whose adjudications are made subject to judicial review pursuant to R.C. 119.12, specifically by R.C. 4117.02(M)."

Thus, it held that the general grant of the right to appeal under R.C. 119.12 provided by R.C. 4117.02(M) was applicable to both issues raised by South Community's appeal. While addressing the applicability of R.C. 4117.06(A), the court said:

---

[2] Ohio Adm. Code 4117-1-02(E) provides:

"The board has discretion to waive technical defects in any document filed with the board if no undue prejudice would result. All documents shall have numbered pages, shall contain the caption of the case, the case number, and a title including the name of the party on whose behalf the docu-

ment was filed. Documents exceeding fifteen pages also shall contain a summary and a table of contents. Documents filed with the board concerning a case assigned to a hearing officer shall state the name of the hearing officer in the title."

[3] Ohio Association of Public School Employees.

"Even more restrictive is the specific issue provided for determination within R.C. 4117.06(A), and that is 'the unit appropriate for the purposes of collective bargaining.' In this instance, the legislature has deemed SERB to be the appropriate final authority to determine from among a number of competing bargaining units which one is appropriate. This section provides that the board's 'determination is final and conclusive and not appealable to the court.'

"R.C. 4117.06(A) does not apply to the issues presented by South Community in this case, *i.e.,* the initial issue of whether these employees are 'public employees' subject to the Act, and the issue of whether certain of the employees should have been entitled to vote in the rerun election. * * *" *South Community, Inc., supra,* at 227, 527 N.E. 2d at 866-867.

Applying the above analysis to this case, it would mean that the Trustees had a right to appeal the April 24, 1985 order of certification under R.C. 119.12. However, that appeal should have been filed in the Franklin County Court of Common Pleas "within fifteen days after the mailing of the notice of the agency's [SERB's] order." R.C. 119.12. We, therefore, must conclude that the Trustees have failed to preserve their direct appeal from the SERB order of certification.

While the issue has not been briefed, we must conclude under authority of *South Community* that the order of certification of an exclusive (bargaining agent) representative is an "adjudication" within the meaning of R.C. 119.01(D) and as such is a "final appealable order" within the meaning of R.C. 2505.02. It goes without arguing that the order determines "rights, duties * * * or legal relationships * * *," R.C. 119.01(D), and affects a "substantial right" of the Trustees "in a special proceeding," R.C. 2505.02. See *Staples* v. *Ohio Civ. Serv. Emp.*

*Assn./American Fed. of State, Cty. & Mun. Emp., Local 11, AFL-CIO* (1986), 32 Ohio App. 3d 9, 13, 513 N.E. 2d 821, 824, motion to certify granted, then dismissed as moot (1987), 31 Ohio St. 3d 602, 31 OBR 490, 510 N.E. 2d 805.

The only remaining question then is whether the Trustees may still raise the "public employees" issue as part of their defense to the "cease and desist" order. We would concur that, in certain situations, such is the practice under federal NLRB certification orders. (See footnote 1, *supra.*) However, we fail to find the equivalent of R.C. 4117.02(M) under the National Labor Relations Act. It might be well to consider the following excerpt from *South Community, supra,* at 228, 527 N.E. 2d at 867:

"Also, the appellants [SERB] argue that appeal of the issues sought here should also be denied based upon a comparative analysis of the chapter of Ohio law pertaining to the Public Employees' Collective Bargaining Act and the National Labor Relations Act. We feel that it is not necessary to go into any great detail in the analysis of each of these laws and their similarities and differences. It need only be noted that the National Labor Relations Board deals with private sector employers and employees, and SERB deals with public sector employers and employees. The General Assembly has considered the public policy differences, and so enacted R.C. Chapter 4117. Finally, even though we would review the present issues within the general context of the National Labor Relations Act, Ohio's Act specifically provides for the appeal sought herein by way of R.C. 4117.02(M), which quite clearly carries out the legislative purpose to make SERB subject to R.C. Chapter 119."

Therefore, we can only conclude that the Trustees' general right of appeal as to certification was lost by their

failure to file any notice of appeal. It necessarily follows that appeals under R.C. 4117.13(D) are specifically limited to the "cease and desist" order and do not include any appeal as to the issue of certification. See *Staples, op. cit.*

### Summary

Accordingly, we vacate the judgment of the trial court and remand this cause for further proceedings in the trial court as to the unfair labor practice "cease and desist" order only.

*Judgment accordingly.*

QUILLIN and CACIOPPO, JJ., concur.